IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUDY ESPINOZA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 2:19-CV-0039-Z-BR |
| | § | |
| TEXAS TECH ADMINISTRATION, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY MOTION FOR PRE-SCREENING SUMMARY JUDGMENT

Before the Court is plaintiff's Motion for Summary Judgment against all Defendants. (ECF 13). Having considered the motion, the Court recommends it be DENIED.

Default judgment and summary judgment are not proper at this time because "[n]o defendant is in default for failing to respond to [plaintiff's] complaint, as the Court is still screening this in forma pauperis action under 28 U.S.C. [§§] 1915(e)(2)(B) [and 1915A]. As such, the complaint has not been ordered served on any defendant." *Bingham v. LaSalle Sw.*, No. 3:20-CV-809-N-BN, 2020 WL 4741134, at *1 (N.D. Tex. July 13, 2020), *rec. adopted*, No. 3:20-CV-809-N-BN, 2020 WL 4732089 (N.D. Tex. Aug. 14, 2020) (citing *Richardson v. Cnty. of Dallas*, No. 3:16-cv-3316-K-BN, 2017 WL 2869925, at *1 (N.D. Tex. June 5, 2017), *rec. accepted*, 2017 WL 2861791 (N.D. Tex. July 5, 2017)). Plaintiff has moved for summary judgment before any defendant has received notice of this lawsuit. But as service has not been authorized as to any defendant, and as no defendant has been directed to appear, there is no basis for Plaintiff to be entitled to summary judgment. Therefore, the motion for summary judgment should be denied. *See Brantley v. CMC Med.*, No. 1:15-CV-075-BL, 2016 WL 11682077, at *1 (N.D. Tex. June 9, 2016), *rec. adopted*, No. 1:15-CV-075-C, 2016 WL 11682076 (N.D. Tex. July 14, 2016).

Here, the Court has contemporaneously entered an order for a *Martinez* Report from the Defendants. Additionally, subsequent to plaintiff's motion for summary judgment, he has filed an Amended Complaint (ECF 15-1). As such, his motion for summary judgment on his original complaint is moot and should be denied as such for that reason as well. Plaintiff is not prohibited from moving for summary judgment if service is ordered on the defendants after screening.

IT IS SO RECOMMENDED.

ENTERED on April 30, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).